WALID MIZYED               NO. 709-828    DIV. ____

VERSUS                     JEFFERSON PARISH          **CODED**

                           24TH JUDICIAL DISTRICT COURT

DELTA AIR LINES, INC.      STATE OF LOUISIANA

---

### PETITION FOR DAMAGES

---

The petition of Walid Mizyed, a person of the full age of majority, respectfully represents:

1.

Made Defendant herein is Delta Air Lines, Inc., a foreign corporation authorized to do and doing business in the State of Louisiana, whose principal business establishment is in Kenner, Louisiana.

2.

Venue is proper in this Court pursuant to LA Code of Civ. Pro., Art. 42 and Art. 74.

3.

The Defendant, Delta Air Lines, Inc. (hereafter "Delta") is liable to the Plaintiff for damages that are reasonable in the premises together with attorneys fees, court costs, legal interest from date of filing of this lawsuit until paid, and all other damages, costs and relief allowed by law.

4.

Plaintiff, Walid Mizyed, is an American citizen of Arab descent. On January 3rd 2011 Mr. Mizyed was scheduled to fly out of New Orleans International Airport, on Delta, flight no. 2986 to Atlanta, Georgia. The ultimate destination for Mr. Mizyed was Amman, Jordan.

5.

When Mr. Mizyed arrived at the New Orleans International Airport in Kenner, Louisiana, on the morning of January 3, 2011, he checked two bags at the Delta counter. When checking the bags he was informed that they were overweight and that he had a choice of either paying an extra fee per bag or taking some items out of the bag. Mr. Mizyed took certain items out of the bag to get the weight below the allowable limit. Delta representatives assisted him by giving him a bag in which he could put the excess items. Mr. Mizyed in turn gave the bag to his nephew who was not traveling with him.

IMAGED JAN - 3 2012

ISSUED ____
DATE JAN 1__

IMAGED JAN 1 9 2012

EXHIBIT A

6.

At the Delta counter, the agent asked if Mr. Mizyed was carrying on any luggage. Mizyed responded that he was carrying on two bags. The agent clearly saw the two bags that were to be carried on and the agent made no objection. Upon information and belief, this transaction at the Delta counter was captured on surveillance video.

7.

Mr. Mizyed proceeded through the TSA checkpoint at the New Orleans Airport with no problems.

8.

Mr. Mizyed approached the boarding desk with his two carry-on bags. His boarding pass was scanned and approved and he began walking to board the plane.

9.

Suddenly, Mr. Mizyed was stopped by a Delta employee who would only identify herself as "Tonya". Tonya told Mr. Mizyed that both of his carry-on bags had to be "gate checked". Tonya further informed Mr. Mizyed that there would be a fee to gate check the bags.

10.

At the same time Mr. Mizyed saw several other carry-on bags belonging to other passengers which appeared to have been gate checked. Based on Mr. Mizyed's observations, none of the other passengers whose bags were gate checked were asked to pay a fee. Mr. Mizyed also observed that none of the other passengers were of Arab descent. Mr. Mizyed asked Tonya if the other passengers had been charged a gate check fee and Tonya refused to answer his question. Mr. Mizyed protested paying the fee and Tonya informed him if he did not pay, she would remove him from the flight.

11.

Mr. Mizyed, feeling he had been selectively singled out and unfairly charged due to his race and ethnicity, refused to pay the fee and was removed from the flight. Mr. Mizyed missed his flight home to see his wife and four children.

12.

After being denied entrance on the plane Mr. Mizyed called his travel agent who called Delta to report the problems Mr. Mizyed was having. Thereafter Delta made efforts to place Mr.

Mizyed on another flight but was unable to do so. Mr. Mizyed was informed the next available flight was two days later, January 5, 2011.

13.

The two bags of luggage which Mr. Mizyed checked onto the original flight of January 3, 2011, were not removed from the plane. Ultimately these bags traveled to Amman, Jordan.

14.

Upon information and belief, the incident involving the gate check of the bags was captured on video surveillance cameras.

15.

Based on the facts asserted herein, Mr. Mizyed believes that he was discriminated against intentionally by Delta because of his ethnicity. Moreover, based on his observations that no other passengers were asked to pay a gate check fee, Mr. Mizyed believes Delta acted arbitrarily and capriciously.

16.

Mr. Mizyed believes the Defendant, Delta, is liable for its actions under several laws including but not limited to the following:

A. 42 USC 1981: This statute provides that "All persons within the jurisdiction of the United States shall have the same right in every state and territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." The elements of a claim under 42 USC 1981 are: (1) the plaintiff is a member of a racial or ethnic minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute. In this case, Mr. Mizyed is a member of an ethnic minority, Delta discriminated against him on the basis of his race or ethnicity, and the discrimination concerned exercise of his rights under his contract, that is the ticket that he purchased from Delta.

B. 42 USC 2000d-2000d-7 provides: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity

receiving Federal financial assistance." To state a claim under this statute a plaintiff must allege (1) he or she is a member of a racial or ethnic minority; (2) the defendant intentionally discriminated against him or her on account of that membership; and, (3) the defendant is a recipient of Federal funds. Upon information and belief Delta Air Lines is a recipient of Federal Funds.

C. 49 USC 40127(a): This statute provides that "An air carrier or foreign air carrier may not subject a person in air transportation to discrimination on the basis of race, color, national origin, religion, sex, or ancestry."

D. La. R.S. 51:2247 provides that it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort or amusement as defined in this chapter, on the grounds of race, creed, color, religion, sex, age, disability… or national origin."

E. Breach of contract. LA Civ. Code Art. 1927 provides that a contract is formed by the consent of the parties through offer and acceptance. Mr. Mizyed and Delta entered into a contract in which Mr. Mizyed agreed to pay a certain sum of money and Delta undertook to transport Mr. Mizyed. Delta failed in its obligation to transport Mr. Mizyed and when it added an unnecessary and discriminatory condition to its performance, i.e. the gate check fee. The breach of this contract resulted in damages to Mr. Mizyed.

17.

On the facts asserted herein, Mr. Mizyed may have a cause of action under the Airline Deregulation Act of 1978, 49 USC 41713 and also under the Warsaw Convention.

18.

Although several Federal statutes may provide immunity or protection to Delta for refusing to allow a passenger to board a plane, (see for example 49 USC 44902) those laws only apply when dealing with safety. At no time did Delta or any of its employees ever allege that there was a safety reason for refusing to allow Mr. Mizyed to board the plane. Therefore Delta has no immunity or protection for its actions.

709828

IMAGED JAN - 3 2012

The incident described herein and the resulting damages to Mr. Mizyed were caused by the fault of Delta and its employees. Delta is vicariously liable for the acts of all of its employees in this case, including but not limited to the above mentioned Tonya.

20.

Mr. Mizyed seeks recovery for any and all general and special damages sustained and incurred by him as a result of this incident.

WHEREFORE, Petitioner, Walid Mizyed, prays that the Defendant be duly served with a copy of this lawsuit and cited to appear and answer it and that after due proceedings are had there be judgment herein in favor of Petitioner and against Defendant for such damages as are reasonable in the premises, together with legal interest from date of judicial demand until paid and for all costs of these proceedings.

RESPECTFULLY SUBMITTED,

RAINER, ANDING & McLINDON
8480 Bluebonnet Boulevard, Suite D
Baton Rouge, LA 70810
Telephone: (225) 766-0200
Facsimile: (225) 766-0279

BY: _____
JOHN S. McLINDON
BAR ROLL NO. 19703

**PLEASE SERVE:**

Delta Air Lines
through its agent for service of process:

Corporation Service Company
320 Somerulos Street
Baton Rouge, LA 70802

# Rainer, Anding & McLindon

Attorneys at Law
8480 Bluebonnet Boulevard, Suite D
Baton Rouge, Louisiana 70810

Robert R. Rainer
George K. Anding, Jr.
John S. McLindon
Drew M. Talbot

Telephone (225) 766-0200
Facsimile (225) 766-0279

December 28, 2011

*FILE FOR RECORD*
*2011 DEC 29 AM 9:28*
*DEPUTY CLERK*
*PARISH OF JEFFERSON, LA*

### *VIA FEDERAL EXPRESS*

Jefferson Parish Courthouse
200 Derbigny Street
Gretna, LA 70053

RE: Walid Mizyed v. Delta Air Lines, Inc.

Dear Sir or Madam:

I have enclosed the original and two copies of a Petition for damages. I would ask that you file the original and use one of the copies for service on the defendant. Please date stamp the other copy and return it to me in the enclosed, self-addressed envelope.

SENT DEC 29 2011 CH

Also enclosed are my checks in the amounts of $365.00 made payable to the Clerk of Court and $29.36, payable to the East Baton Rouge Sheriff's Office.

Sincerely,

John S. McLindon

JSM/lb

Enclosures

IMAGED JAN - 3 2012

709828

(101) Citation: ISS CITATION/PETITION FOR DAMAGES; 120110-5841-4

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

WALID MIZYED
versus
DELTA AIR LINES, INC.

Case: 709-828   Div: "B"
P 1 WALID MIZYED

To: DELTA AIR LINES INC
AS PER REQUESTED BY ATTORNEY:
DELTA AIR LINESTHRU ITS AGENT FOR SERVICE OF
PROCESS:
CORPORATION SERVICE COMPANY
320 SOMERULOS STREET
BATON ROUGE LA 70802

CK # 3227 $ 29.36 E/B/R

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within FIFTEEN CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney JOHN S. MCLINDON and was issued by the Clerk Of Court on the 10th day of January, 2012.

Kim B Garland, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk Of Court

## SERVICE INFORMATION

(101) Citation: ISS CITATION/PETITION FOR DAMAGES; 120110-5841-4

Received: _____  Served: _____  Returned: _____

Service was made:
___ Personal  ___ Domiciliary _____

Unable to serve:
___ Not at this address      ___ Numerous attempts _____ times
___ Vacant                   ___ Received too late to serve
___ Moved                    ___ No longer works at this address
___ No such address          ___ Need apartment / building number
___ Other _____

Service: $_____  Mileage: $_____  Total: $_____

Completed by: _____
                  Deputy Sheriff
Parish of: _____

(101) Citation: ISS CITATION/PETITION FOR DAMAGES; 120110-5841-4

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

WALID MIZYED
versus
DELTA AIR LINES, INC.

Case: 709-828 Div: "B"
P 1 WALID MIZYED

To: DELTA AIR LINES INC
AS PER REQUESTED BY ATTORNEY:
DELTA AIR LINES THRU ITS AGENT FOR SERVICE OF
PROCESS:
CORPORATION SERVICE COMPANY
320 SOMERULOS STREET
BATON ROUGE LA 70802

CK # 3227 $ 29.36 E/B/GN

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within FIFTEEN CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney JOHN S. MCLINDON and was issued by the Clerk Of Court on the 10th day of January, 2012.

Kim B Garland, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk Of Court

---

## SERVICE INFORMATION

(101) Citation: ISS CITATION/PETITION FOR DAMAGES; 120110-5841-4

Received: _____ Served: _____ Returned: _____ JAN 19 2012

Service was made:
___ Personal     ___ Domiciliary _____

Unable to serve:
___ Not at this address    ___ Numerous attempts made ___ times
___ Vacant                 ___ Received too late to serve
___ Moved                  ___ No longer works at this address
___ No such address        ___ Need apartment / building number
___ Other _____

Service: $_____ Mileage: $_____ Total: $_____

Completed by: _____
Deputy Sheriff
Parish of: _____

IMAGED FEB - 1 2012