UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WALID MIZYED                                          CIVIL ACTION

VERSUS                                                NO. 12-382

DELTA AIRLINES, INC.                                  SECTION "C" (1)

ORDER AND REASONS

This matter comes before the Court on motion to dismiss filed by Delta Air Lines, Inc. ("Delta")  Having considered the record, the memoranda of counsel and the law, the Court has determined that dismissal is appropriate for the following reasons.

The plaintiff, Walid Mizyed ("Mizyed"), an American of Arab descent, filed this suit in state court seeking damages arising out of an incident at the New Orleans International Airport in Kenner, Louisiana on January 3, 2011.  Rec. Doc. 1-1 at ¶ 4. When boarding for the domestic leg of a trip to Amman, Jordan, a Delta gate agent told him that his carry-on bags would have to be gate-checked with a fee.  Id. at ¶¶ 4, 8– 9. Mizyed, protested paying the fee, refused to pay it and did not take the flight.[1]  Id. at 10.  After the plaintiff contacted "his travel agent who called Delta to report the

---

[1] Mizyed alleges in his petition both that he "was removed from the flight" and was "denied entrance on the plane." Id. at ¶¶ 11, 12.

problems," "Delta made efforts to place [plaintiff] on another flight, but was unable to do so." *Id.* at 12.  He makes claims for discrimination on the basis of his ethnicity under 42 U.S.C. § 1981, 42 U.S.C. § 2000d–2000d-7, 49 U.S.C. § 40127, La. Rev. Stat. 51:2247, as well as breach of contract under Louisiana law, and alleges that he "may have a cause of action under the Airline Deregulation Act of 1978, 49 U.S.C. § 41713 and also under the Warsaw Convention." *Id.* at ¶¶ 16–17.  Delta removed on the basis of federal question jurisdiction, claiming supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.  Rec. Doc. 1 at 4.

In this motion, Delta claims that the Warsaw and Montreal Conventions apply to this case and preempt both federal and state laws regarding discrimination and breach of contract, and that he fails to state a claim under the Warsaw and Montreal Conventions.  Rec. Doc. 6.  The plaintiff argues that he adequately alleges non-performance of a contract and delay under state law, which are not preempted by the Conventions, and that he has a claim for discrimination under the anti-discrimination provision of the Airline Deregulation Act ("ADA"), 49 U.S.C. § 40127.  Rec. Doc. 8.

The parties agree that in considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker v. Putnal*, 75 F.3d. 190, 196 (5th Cir. 1996).

Although courts are required to take as true all factual allegations in the complaint, they are not bound to accept labels, conclusions, or formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right of relief above the speculative level. The pleading must contain something . . . more . . . than . . . a statement of facts that merely creates a suspicion [of'] a legally cognizable right of action, on the assumption that all the allegation in the complaint are true (even if doubtful in fact)." *Id.* (citations and quotations omitted). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278 (5th Cir. 1993).

To defeat a motion to dismiss, a complaint must "contain either direct allegations on every material point necessary to sustain a recovery" or "contain allegations from which an inference fairly may be drawn that the evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citations omitted). Therefore, a plaintiff must "plead specific facts not mere conclusory allegations" to avoid dismissal for failure to state a claim. *Guidry v. Bank of LaPlace*, 954 F.2d 178, 281 (5th Cir. 1992).

**Preemption**

The parties appear to agree that the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, ICAO Doc. 9740, *reprinted in* S. TREATY DOC NO. 106-45, 1999 WL 33292734 (2000)("Montreal Convention") is relevant to the plaintiff's claims since they arose when he was undertaking a domestic leg of international carriage and both the United States and Jordan are signatories.[2] *Bassam v. American Airlines*, 2008 WL 2725228 (5th Cir.).  Three articles of the Montreal Convention are implicated by this motion.  Article 17 of the Montreal Convention provides: "[t]he carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking."  Article 19 of the Montreal Convention pertains to delay, and provides: [t]he carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo.  Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took all measures that could reasonably be required to avoid the damage or that it was impossible for it or

---

[2] The Montreal Convention succeeded the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1949, 49 Stat. 3000, T.S. 876 (1934)("Warsaw Convention").

them to take such measures."   At the same time, Article 29 provides in full as follows:

> In the carriage of passengers, baggage and cargo, any action for damages, <u>however founded</u>, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights.  In any such action, punitive, exemplary or any other non-compensatory damages shall not be recoverable.

(Emphasis added).[3]  The plaintiff in opposition and reply appears to acknowledge that the Montreal Convention applies, but argues that it does not preempt certain of his specific claims.   Rec. Docs. 8, 15.

"Even thought the Montreal Convention is directed more at consumers, it does not alter the original goal of the Warsaw Convention of maintaining limited and predictable damage amounts for airlines."  *Bassam*, 287 Fed.Appx. at 312.  Courts rely on caselaw interpreting similar provisions of the Warsaw Convention when interpreting the Montreal Convention.  *Bassam*, 287 Fed.Appx. at 314.  "The Convention's preemptive effect on local law extends no further than the Convention's

---

[3] At the same time, the ADA also enjoys preemptive force over state law.  "Except as provided in this subsection, a State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart."  49 U.S.C. § 41713(b).  *See Malik v. Continental Airlines, Inc.*, 305 Fed.Appx. 165 (5th Cir. 2008); *Witty v. Delta Air Lines, Inc.*, 366 F.3d 380 (5th Cir. 2004);

own substantive scope." *El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 172 (1999).

"The treaty precludes passengers from bringing actions under local law when they cannot establish air carrier liability under the treaty." *Id.*, 525 U.S. at 174. No authority has been provided for the plaintiff's proposition that the ADA applies when the Montreal Convention preempts.

**Discrimination**

Delta argues that the plaintiff's discrimination claims under 42 U.S.C. § 1981, 49 U.S.C. § 40127[4] and La. Rev. Stat. 51:2247 are subject to dismissal because they are preempted by the Montreal Convention. In his opposition and reply, Mizyed appears to concede that he has no claim under § 1981, ¶ 2000d, or the Louisiana discrimination provision, but argues that his claim under § 40127 of the ADA survives. Rec. Doc. 8 at 5; Rec. Doc. 18 at 1.

The Court is unpersuaded by the plaintiff's argument. Here, the plaintiff's complaint clearly alleges that his damage occurred during the course of embarking/disembarking for purposes of Article 17 of the Montreal Convention. His

---

[4]This section of the ADA provides that "[a]n air carrier or foreign air carrier may not subject a person in air transportation to discrimination on the basis of race, color, national origin, religion, sex, or ancestry."

claims are governed by the Montreal Convention, not the ADA, and there is no relevant distinction between the facts presented in this complaint and those considered in *King v. American Airlines, Inc.*, 284 F.3d 352, 357 (5th Cir. 2002), which was favorably cited by the Fifth Circuit in *Mbaba v. Societe Air France*, 457 F.3d 496, 500 (5th Cir. 2006).

In *King*, the Second Circuit held that a passenger's claims for discrimination during embarkation were preempted. "Notably, every court that has addressed the issue of whether discrimination claims are preempted by the Warsaw Convention post-*Tseng* has reached a similar conclusion." *King*, 284 at 361. The "local" law preempted by the treaties and *Tseng* include claims under federal statutes as well as state law. *Turturro v. Continental Airlines*, 128 F.Supp.2d 170, 180 (S.D.N.Y. 2001). *See also Brauner v. British Airways PLC*, 2012 WL 1229507 at *5 (E.D.N.Y.); *Atia v. Delta Airlines, Inc.*, 692 F.Supp.2d 693, 702 (E.D.Ky. 2010); *Nobre v. American Airlines*, 2009 WL 5125976 (S.D.Fla.); at *Molefe v. KLM Royal Dutch Airlines*, 602 F.Supp.2d 485 (S.D.N.Y. 2009). The Court finds that any claim under § 40127 is also preempted. As observed by the *King* court, "[t]he Convention massively curtails damage awards for victims of horrible acts [of] terrorism; the fact that the Convention also abridges recovery for ... discrimination should not surprise anyone." *King*, 284 F.3d at 362, quoting *Turturro*, 128 F.Supp.2d at 181.

In addition, even if the Court did not find that the Montreal Convention preempts the plaintiff's claims for discrimination, and further assumes that the ADA applies, there appears to be an unaddressed issue whether § 40127 of the ADA provides a private cause of action.  *See Cerquiera v. American Airlines, Inc.*, 520 F.3d 1,12 (1st Cir. 2008).  Some courts have held that it does not. *Dennis v. Delta Air Lines,* Inc., 2011 WL 4543491 at *8 (E.D.N.Y.); *Al-Watan v. American Airlines, Inc.*, 570 F.Supp.2d 925, 931 (E.D.Mich. 2008); *Elnajjar v. Northwest Airlines, Inc.*, 2005 WL 1949545 at *6 (S.D. Tex.). *But see Alasady v. Northwest Airlines Corp.*, 2003 WL 1565944 at *10 (D.Minn.)("It appears that, in the Eighth Circuit, a private cause of action might exist for violations of § 40127(a).")

**Delay/Non-performance of contract**

The plaintiff argues that his contract claim is for non-performance of a contract, not delay, which falls outside of the reach of the Montreal Convention's preemption.[5] In so doing, the plaintiff relies on *Atia, supra* (refusal to transport passenger constituted claim for non-performance and not preempted), *Wolgel v. Mexicana Airlines*, 821 F.2d 442

---

[5]Delta also argues that the plaintiff's claims must be dismissed because he does not allege facts that indicate that an "accident" occurred or that he sustained "bodily injury" as those terms are used in the Montreal Convention.  The plaintiff does not oppose the defendant on this argument, which precludes recovery under the Montreal Convention.  Instead, he argues that his claim would be for delay under Article 19. Rec. Doc. 18 at 2.

(7th Cir. 1987)(bumping from flight constituted non-performance, not delay, and not preempted under Warsaw Convention), and *Weiss v. El Al Israel Airlines*, 433 F.Supp.2d 361 (S.D.N.Y.2006) (bumping from flight constitutes non-performance, not delay, and not preempted). Rec. Doc. 8 at 8–10.

The cases upon which the plaintiff relies draw a critical distinction between "complete nonperformance of a contract, rather than delay in transportation," where the airline "flatly refused to transport the plaintiff" or offer him "a refund for the unused portion of [his] ticket." *Atia*, 692 F.Supp2d at 699–701. *Wolgel* and *Weiss* involved claims for bumping, which did not occur here. "'Courts have construed nonperformance claims as sounding in delay where plaintiff was initially refused boarding but the defendant airline ultimately transported plaintiff on a later flight ... and where defendant airline caused a passenger to miss a flight and the passenger secured alternate transportation without waiting to see if defendant would transport him.'" *Nankin v. Continental Airlines, Inc.*, 2010 WL 342632 at *7 (C.D.Cal), citing *Kamanou-Goune v. Swiss Interntaional Airlines*, 2009 WL 874600 at *4 (S.D.N.Y.).

The facts alleged by the plaintiff himself do not fit this characterization. This is a case about a gate-checked baggage fee and the plaintiff's refusal to pay at the gate during embarkation. According to the plaintiff's own petition, his removal was based

on his refusal to pay the baggage fee, not because he was bumped or removed from the plane for security reasons. Rec. Doc. 1-1 at ¶ 12. The plaintiff does not provide legal authority for the "non-performance" exception based on these facts. Even if the plaintiff could identify a contractual provision allowing free gate-checked baggage for his overseas flights, he has not provided the Court with authority that Delta's imposition of a fee amounted to the "total non-performance" for purposes of this exception. Instead, the plaintiff played an active role in his failure to take the flight by refusing to pay the fees. There is no allegation that he would not have been allowed to fly had he complied with Delta's requirement.

The Court finds the reasoning of *Mbaba* to be especially persuasive on this issue. The plaintiff had to pay a excess baggage fees and sued the airline for claims that included breach of contract. The Fifth Circuit affirmed the grant of summary judgment because Article 24 of the Montreal Convention and Tseng allow for preemption of claims concerning the carriage of baggage "however founded."

The Court has seriously considered whether an Article 19 claim for delay under Montreal Convention remains viable. Rec. Doc. 18 at 2. There is no allegation that the flight itself was delayed; instead, the plaintiff alleges that any delay was caused by his refusal to pay the fees. Rec. Doc. 1-1 at ¶¶ 10–11. In addition, the plaintiff's own

pleadings, which indicate that Delta did attempt to accommodate him;"[t]hereafter, Delta made efforts to place Mr. Mizyed on another flight but was unable to do so." *Id.* at ¶12. In addition, mental injury damages are not recoverable under Article 19. *Lee v. American Airlines, Inc.*, 355 F.3d 386, 387 (5th Cir. 2004).

Finally, even if the plaintiff had requested an opportunity to amend his complaint in response to this motion, the Court finds that this is a case where any amendment would be futile. The facts set forth in the petition clearly explain the basis for the claims made and, at the same time, support the dismissal of those claims.

Accordingly,

IT IS ORDERED that motion to dismiss filed by Delta Air Lines, Inc. is GRANTED. Rec. Doc. 6. Judgment against the plaintiff and in favor of the defendant shall be entered.

New Orleans, Louisiana, this 14th day of May, 2012.

HELEN G. BERRIGAN
UNITED STATES DISTRICT COURT